ON MOTION FOR REHEARING AND CLARIFICATION

GROSS, J.
We grant the state’s motion for clarification, withdraw our previous opinion on the motion for rehearing and issue the following.
The motion for rehearing criticizes the panel opinion for pre-determining the sufficiency of the evidence. On remand, double jeopardy bars retrial for any charge for which Gordon was found not guilty. The imprecision of the original contempt finding raises many issues on remand which we cannot prejudge at this time. Our discussion of the nature of the evidence was in response to what we per *358 ceived to be the constitutional argument that reversal was required because no view of the evidence supported a conviction.
The motion for rehearing also disapproves of the opinion’s holding on the independent prosecutor issue.
Contempts are among the most difficult issues faced by a trial court. Although this case involves criminal contempt, one member of this panel has seen the greatest abuses in civil contempt cases, which do not carry the constitutional protections of criminal contempt. This case was not the typical case and hard cases make it difficult to fashion a general rule. In 'many criminal contempt cases where the attorney for the moving party is appointed to “assist” the court under Rule 3.840(b), the attorney’s involvement amounts to nothing more than calling witnesses, conducting examinations, and making argument at a contempt hearing; such involvement assists a judge who might otherwise handle the hearing “without assistance of counsel,” and be in the difficult position of both a “quasi” prosecutor and judge, a situation sanctioned by contempt jurisprudence. Fla. R. Crim. P. 3.840(b). When conducted in this way, the contempt proceeding is similar to other problem-solving exercises where the.primary issues are how to rectify violations of a court order and how to secure future compliance with it.
There is a great difference between an “appointed” prosecutor who develops facts to support a finding and one who misuses the appointment for injustice and oppression. The record in this case contains facts which support the latter conclusion, and events related in the motion for rehearing filed by Mr. Gordon indicate that this conduct continues. Unlike a state attorney who is responsible to all the voters in a circuit, an attorney appointed under rule 3.840(b) has a constituency of one— the judge who made the appointment. This case did not review a trial court’s refusal to remove an abusive and oppressive prosecutor; it addressed the question of whether appointment of a party’s attorney to organize and present evidence at a criminal contempt at a hearing was barred in all cases. Nothing in this opinion precludes or prejudges a motion in the circuit court to remove the appointed prosecutor in this case.
The motion for rehearing is denied.
.WARNER and POLEN, JJ., concur.